UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 15-cv-23255

PEGAH SAAB,

      Plaintiff,
v.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINE,

      Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY**

Plaintiff, PEGAH SAAB, individually, through undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, sues Defendant CARNIVAL COROPATION, ("Defendant") and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

3. Plaintiff is *sui juris* and is a resident and citizen of the State of California.

4. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

5. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF INCIDENT:** This incident occurred on or about August 6, 2015 in the evening.

8. **LOCATION OF INCIDENT and STATUS OF PLAINTIFF:** The incident occurred when the Plaintiff was a lawfully paying passenger aboard the Defendant's cruise ship vessel, the *Carnival Miracle*, as she was descending an outside staircase in the area leading from the arcade.

9. **DESCRIPTION OF THE INCIDENT.** On the date and time of the incident, Plaintiff was descending the subject staircase when her foot slipped out from under her because water had accumulated on the stairs, causing her to fall down numerous stairs and to suffer great bodily injury. The condition of the staircase was such that Defendant knew, or in the exercise of reasonable care should have known, that it represented a danger to persons using it in that said stairs did not drain water properly, did not have sufficient non-skid coating, and the workers who had caused the water to accumulate dd not place any warning signs or cones. Nonetheless, Defendant, failed to eliminate the hazard(s), failed to properly maintain the stairs, failed to inspect the stairs, failed to warn of the hazard(s) and failed to properly train and supervise its crew such that such an incident could have been avoided.

### COUNT I
### NEGLIGENCE

10. Plaintiff hereby adopts and realleges each and every allegation in paragraphs 1 through 9 as if set forth herein.

11. **DUTIES OWED BY THE DEFENDANT**. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers. This includes, but is not limited to, the duty to maintain its ship's in a reasonably safe condition for the use and enjoyment of its passengers, and the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

12. Defendant breached those duties and was negligent by:

    a. Failing to maintain or remedy the hazardous condition(s);

    b. Failing to otherwise warn passengers, including the Plaintiff, of the dangerous

3

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198 www.aronfeld.com

  condition(s);

 c. Failing to inspect for and/or to observe the dangerous condition(s);

 d. Failing to implement a method of inspection which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

 e. Utilizing improperly trained crew and/or allowing negligent training of its crew;

 f. Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

 g. Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence *per se* and/or evidence of negligence. Plaintiff will need access to the staircase for purposes of inspection, measuring and testing in order to complete this allegation more fully.

13. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for Defendant's negligence, Plaintiff's injuries would not have occurred.

14. Defendant either (a) had actual knowledge of the dangerous conditions; (b) had constructive knowledge of the dangerous conditions in that the condition of the stairs was permanent and had existed for s substantial length of time; (c) would have had knowledge of the dangerous conditions had the Defendant implemented a proper method of inspection; and/or (d) created the dangerous conditions by failing to provide warnings or failing to remedy the hazard.

15. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing. Plaintiff has suffered these losses in the past and will continue

4

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198 www.aronfeld.com

to suffer them in the future.

**WHEREFORE**, Plaintiff demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered as a result of Plaintiff's bodily injury and pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, the expense of hospitalization and medical and nursing care and treatment, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, PEGAH SAAB, demands a trial by jury on all issues so triable.

**Dated:** this 28th day of August, 2015.

```
                                        ARONFELD TRIAL LAWYERS
                                        Spencer Marc Aronfeld, Esq.
                                        Florida Bar Number: 905161
                                        Attorneys for Plaintiff
                                        3132 Ponce de Leon Boulevad
                                        Coral Gables, Florida 33134
                                        E:      Aronfeld@aronfeld.com
                                        P:      (305) 441.0440
                                        F:      (305) 441.0198


                                By:          s/Spencer Marc Aronfeld
                                        Florida Bar No.: 905161
```

5

ARONFELD TRIAL LAWYERS
3132 Ponce De León Boulevard, Coral Gables, Florida 33134
T: 305|441-0440 F: 305|441-0198 www.aronfeld.com